## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JORG BUSSE

                                    Plaintiff,

-vs-                                                    Case No.  2:07-cv-228-FtM-29SPC

LEE COUNTY, FLORIDA; BOARD OF LEE
COUNTY COMMISSIONERS; THE LEE
COUNTY PROPERTY APPRAISER; STATE OF
FLORIDA BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST FUND,
STATE OF FLORIDA DEPEARTMENT OF
ENVIRONMENTAL PROTECTION,

                                    Defendants.
_____

### AMENDED REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT**

_____This matter comes before the Court on the Defendant Lee County Property Appraiser's

Motion for Rule 11 Sanctions (Doc. #97) filed on August 9, 2007.  The Motion was referred to this

Court by the District Court on August 10, 2007.  On September 13, 2007, the Court denied the

Motion for Sanctions for failure to comply with Rule 11 Safety Harbor provision.  The Defendant

filed a Motion for Reconsideration (Doc. # 148) on September 24, 2007, which was subsequently

granted by the Court.  On November 7, 2007, a hearing was held before the Honorable Sheri Polster

Chappell, on the Defendant's Motion.

_____

[1]     The R & R is amended to correct a typo on a page 4.  The
sentence originally read  "Attorney Johnson fabricated documents and falsified
evidence."  The statement has been corrected to read "The Plaintiff alleged that Attorney Johnson
fabricated documents and falsified evidence."

## FACTS AND ARGUMENT

In this case, the Defendant argues that sanctions are appropriate.  As grounds, the Defendant states the Plaintiff has filed multiple duplicative motions.  For example, the Plaintiff has filed five (5) separate Motions for Summary Judgment prior to any discovery being taken.  The Plaintiff also filed motions to include the Defense Attorneys as parties, filed motions alleging the Defense Counsel fabricated forgeries, and perpetrated a fraud by falsifying the documents used by the state to take the land in the 1969 resolution. The Defense Counsel noted that she could not have participated in any such scheme since she was not yet born in 1969.  The Defense also noted that Plaintiff added four (4) party plaintiffs to the action without their permission and without their signing the Complaint. The additional party plaintiffs incurred unwarranted expenses because they were forced to hire attorneys and file motions (Doc. # 119 and 134) to have their names removed from the case.  Further, the Defense Counsel asserts the Plaintiff's motions alleged criminal charges against the Defendant.[2]

On July 2, 2007, the Plaintiff filed a Notice (Doc. # 44) that he had retained the law firm of Brigham Moore, LLP. to represent him as counsel, however, Atty. Johnson represented to the Court that counsel at Brigham Moore, LLP. recommended to the Plaintiff that he should drop his lawsuit. Nevertheless the Plaintiff persists in carrying forward the instant action.[3]

---

[2]    *See* (Doc. # 205) pages 6-15 for an example of the Plaintiff's criminal allegations against defense counsel.

[3]    The law firm of Brigham Moore never made an appearance in this action.

The Plaintiff argues the Defendants committed a fraud against him by taking land that belonged to him and making it into a park.  During the hearing, the Court advised the Plaintiff that the issue before the Court was the Defendant's Rule 11 sanctions motion and not the merits of his case.  However, the Plaintiff persisted in arguing the merits of his case.

## **DISCUSSION**

The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001).  Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose.  Ricccard v. Prudential Insurance Company, 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)).

When testing conduct under Rule 11, a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the pleading was submitted. Custom Manufacturing and Engineering, Inc. v. Midway Services, Inc., 2006 WL 4792784 * 2 (M.D. Fla. September 14, 2006) (citing Baker v. Alderman, 158 F. 3d 516, 524 (11th Cir. 1998)).  "In making this determination a two- step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Custom Manufacturing, 2006 WL 4792784 at * 2.  The advisory committee notes, and the text of Rule 11 itself states, that Rule 11sanctions apply to *pro se* litigants as well as attorneys. Fed. Rule Civ. P. 11(b).  Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's

evidence to support a claim is "merely weak." Ricccard, 307 F.3d at 1294 (citing Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

The Defendant Property Appraiser moves the Court for an injunction to prevent the Plaintiff from filing numerous irrelevant and costly motions and/or for attorney's fees and costs.

## (1) Whether the Plaintiff's Filings are Frivolous

Rule 11 sanctions are warranted when (1) a party files a pleading that has no basis in fact; (2) is based upon a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change the existing law; and (3) is filed in bad faith for an improper purpose. Baker, 158 F. 3d at 524. Here, there is good cause to find that many of the Plaintiff's filings are objectively frivolous. Many of the Plaintiff's filings repeat all of the allegations in his claim without clearly setting out the relief he is seeking in that specific motion.

## Factual Basis

The Plaintiff has alleged, among other things, violations of due process, unlawful taking, false statements by the attorneys violation of civil rights, civil fraud, criminal fraud, violation of the Uniform Standards of Evidence, conspiracy, slander, extortion, robbery, and violation of the federal Hobbs Act. The Plaintiff's motions are often filled with irrelevant exhibits, bolded language, changed fonts, and paragraphs that are seemingly unrelated to the relief requested in the motion. As a whole, his motions are unintelligible, impossible to decipher, and usually unsupported by any factual basis. For example, the Plaintiff often alludes to criminal misconduct on the part of the Defendant Property Appraiser's Counsel, Sherri Johnson, Esq, in regards to the 1969 Resolution. The Plaintiff alleged that Attorney Johnson fabricated documents and falsified evidence. However, Johnson was not yet born in 1969 when the Lee County Resolution was enacted. Atty. Johnson

could not have participated in the fraud as alleged.  Furthermore, the Plaintiff has filed five separate

motions for summary judgment yet no discovery has been taken, and no affidavits filed in support

of the Motions.

### *Legal Basis*

It is completely impossible to determine if the Plaintiff's numerous criminal and civil claims

are based upon a legal theory that has a reasonable chance of success.  Occasionally, the Plaintiff will

attach a copy of the law or merely insert it into the body of the motion without any analysis or

application of the law to the facts. (Doc. # 205).   The Plaintiff repeatedly files the same motion,

usually repeating all of the allegations in his claim without clearly setting out the specific relief he

is seeking or the legal grounds for the motion.   The motions change font size and are bolded at

random.  The Plaintiff's motions include both criminal and civil fraud charges.  There is a difference

in the standards and burdens of proof between civil and criminal charges, yet the Plaintiff combines

each in nonsensical and unintelligible motions and allegations.  On July 30, 2007, the Plaintiff filed

a Motion for Criminal Prosecution (Doc. # 65) alleging that Lee County, and the other Defendants

misappropriated land on Cayo Costa worth 150 million dollars.

The Plaintiff further alleges that the Defendant's Counsel aided and abetted the Defendants

in their criminal activities.  The Plaintiff therefore, moved the Court to initiate criminal prosecution

of the Defendants and the Defendant's lawyers.   In addition, the Plaintiff moved to add the

Defendant's Counsel as Parties to the suit (Doc. # 61) for what essentially amounts to the attorney's

defending the allegations filed against their clients.  The Defendants have a right to be represented

and the Defense Counsel has a responsibility to "act with commitment and dedication to the interests

of the client and with zeal in advocacy upon the client's behalf." Florida Model R. of Prof. Conduct 4-1.3 (2007).

The Plaintiff added several party plaintiffs to the claim in an effort to convert the action into a class action, however, those individuals were never consulted regarding the lawsuit and never consented to be added as parties in clear violation of the Federal Rules. (Doc. # 119 and 134).  In short, the Plaintiff's motions and filings are replete with invalid and unsupported legal claims against individuals and on behalf of others without supplying a legal basis for those claims

### *Improper Purpose*

On three separate occasions, June 7, 2007, June 12, 2007, and September 13, 2007, this Court admonished the Plaintiff that his filings must conform to the Local and Federal Rules.  However, the Plaintiff has continued to file duplicative pleadings and motions.  In regards to this hearing, the Plaintiff filed six (6) notices of unavailability in a period dating from October 26, 2007, to the actual day of the hearing November 7, 2007.  The Plaintiff's notices also included e-mails sent directly to the Court.  The Court must conclude that the Plaintiff acted in bad faith by continuing to file the same and/or similar motions even though he was cautioned by the Court to stop such filings.

The  Plaintiff continues to flood the Court with motions and notices, many of which are incomprehensible.  Therefore, the Court finds that many of the Plaintiff's filings are objectively frivolous and the first prong of the Rule 11 test  has been met.

### *(2) Whether the Plaintiff Knew the Pleadings or Should have been Aware the Pleadings were Frivolous*

As noted above, the Plaintiff was warned on three previous occasions that he must comply with the Federal and Local Rules when filing motions or papers with the Court and yet he ignored

those warnings.  On June 7, 2007, (Doc. # 35) the Plaintiff was directed to cease contacting parties in this case who were represented by counsel.  Again on September 13, 2007, the Court issued another Protective Order (Doc. # 126) directing the Plaintiff to cease making contact with individuals who are employees of the Defendants or who are represented by counsel.  Thus, even though the Plaintiff had been cautioned once and directed to cease directly contacting employees and/or represented parties, he persisted in continuing the prohibited behavior.

Atty. Johnson asserted the Plaintiff was advised by counsel at Brigham Moore, LLP. to drop the action in this Court, however, the Plaintiff refused to accept the advice of counsel.  Atty. Johnson's assertions were not disputed at the hearing by the Plaintiff.  While the Plaintiff is free to reject the advice of counsel and proceed with his case as he feels best, at the very least it was a caution to the Plaintiff that perhaps his case was not being prosecuted in a proper manner.

The Plaintiff repeatedly files duplicative motions requesting the same relief over and over again clogging up the judicial machinery.  Since the Defendant Property Appraiser filed its Motion under Rule 11, the Plaintiff has filed 141 new motions and at one time filed such voluminous motions that the Defendant's e-mail system was disabled due to the size of the filing.  The Plaintiff added several parties without those parties consent or knowledge requiring those parties to move the Court to have their names removed from the litigation.  The Plaintiff was admonished on several occasions to cease making direct contact with employees of the various state agencies involved in this action.  The Plaintiff filed five motions for summary judgment without any affidavits, discovery, or factual basis to support his dispositive motions.   In spite of warnings issued by the Court, it is clear from the voluminous filings that the Plaintiff had knowledge that his actions were improper.

Additionally, the Plaintiff has filed motions to compel against the Property Appraiser and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida and the Florida Department of Environmental Protection for failure to answer interrogatories and produce documents.  At the hearing, Atty. Johnson affirmed the Property Appraiser's Office had answered those discovery requests.

After review of the file, and the facts and arguments presented at the hearing, the Court respectfully recommends the Defendant Property Appraiser's Motion for Rule 11 Sanctions be granted.  Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies within the court's discretion. Nicarry v Cannaday, 2006 WL 3931449 * 6 (11th Cir. December 7, 2006).  In cases such as the instant case, the courts have used injunctions limiting the type, method, and number of motions and pleading a party may file. See  Weaver v. The School Board of Leon County, 2006 WL 858510 (11th Cir. April 4, 2006) (citing  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (holding that a litigant can be restricted severely in what he may file as long as his access to the courts is not cut off).  Therefore, it is respectfully recommended that the Court impose an injunction on the Plaintiff that would require all future pleading, motions, or filings to be reviewed by an attorney prior to being filed with the Court.  The Plaintiff is not required to hire an attorney to represent him but must affirm that an attorney has reviewed the pleading, motion, or filing and the attorney must sign the document affirming that the document was reviewed by counsel.    In the alternative, it is respectfully recommended that the Plaintiff be denied the opportunity to file any further motions without first being granted permission  from the United States Magistrate Judge handling this action.  The Magistrate Judge would  review the pleadings for frivolity prior to any filing taking place.

The Defendant also moved for attorney's fees and costs for bringing the instant Motion, however, the Court does not believe that monetary sanctions would alter or correct the Plaintiff's filing behavior.  Since the purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions and to deter costly, meritless maneuvers, the Court does not recommend monetary sanctions at this point in the proceedings.

Accordingly, it is now

**RECOMMENDED:**

The Defendant Lee County Property Appraiser's Motion for Rule 11 Sanctions (Doc. #97) should be **GRANTED**.

(1) All of the Plaintiff's future pleadings, motions, or filings with the Court must first be reviewed by an attorney.

(2) The reviewing attorney does not have to make a formal appearance on behalf of the Plaintiff in this action.

(3) However, the attorney must sign the document and affirm that counsel did review the document prior to filing.

(3) All future documents filed by the Plaintiff that are not reviewed by an attorney should be stricken from the record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___14th___ day of November, 2007.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record