UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


JORG BUSSE


                    Plaintiff,


vs.                                 Case No.  2:07-cv-228-FtM-29SPC


LEE COUNTY, FLORIDA; BOARD OF LEE
COUNTY COMMISSIONERS; KENNETH M.
WILKINSON; LEE COUNTY PROPERTY
APPRAISER'S OFFICE; STATE OF
FLORIDA, BOARD OF [PAST & PRESENT]
TRUSTEES OF THE INTERNAL IMPROVEMENT
TRUST FUND, STATE OF FLORIDA
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, AND DIVISION OF
RECREATION AND PARKS; LEE COUNTY
ATTORNEY; JACK N. PETERSON,

                    Defendants.

_____


**OPINION AND ORDER**

_____This matter comes before the Court on the following motions:

(1) defendant Property Appraiser's Motion to Dismiss and Close File

(Doc. #285), to which plaintiff filed a Response (Doc. #302); (2)

defendants State of Florida Board of Trustees of the Internal

Improvement Trust Fund (Trustees) and Florida Department of

Environmental Protection's (DEP) Joint Motion to Dismiss for Lack

of Jurisdiction and for Failure to State a Cause of Action (Doc.

#291), to which plaintiff filed a Response (Doc. #316); (3)

defendant The Lee County Appraiser's Motion to Dismiss for Lack of

Jurisdiction (Doc. #303), to which plaintiff filed a Response (Doc. #317); and (4) defendant Board of Lee County Commissioners' Motion to Dismiss (Doc. #304), to which plaintiff filed a Response (Doc. #318). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

## I.

On December 10, 1969, the Board of County Commissioners of Lee County, Florida adopted the "Resolution Pertaining to Public Lands in Cayo Costa Subdivision", Book 569, page 875 (the Resolution). The Resolution stated that the Second Revised Plat of the Cayo Costa Subdivision contained certain designated lot and block areas and other undesignated areas. The Resolution further noted that the plat contained certain un-numbered and unlettered areas lying East of the Easterly tier of blocks in the subdivision and lying West of the Westerly tier of blocks in the subdivision. The Resolution stated that Lee County claimed the lands to the east and west of the tier of blocks as "public lands together with all accretions thereto" and "does by this Resolution claim all of said lands and accretions thereto for the use and benefit of the public for public purposes." (Doc. #288, p. 9.)

Plaintiff Jorg Busse (plaintiff or Dr. Busse) asserts he is the current owner of Lot 15A of the Cayo Costa Subdivision and

accretions thereto.  (Doc. #288, ¶¶ 1, 2.)  Plaintiff describes Lot 15A as being more than approximately 2.5 acres fronting the Gulf of Mexico with an estimated fair market value of more than $2 million. (Id. at ¶6.)  Plaintiff asserts that the Resolution violates his property rights in Lot 15A, which includes accretions, under both federal and state law.

Count 1 sets forth a claim under 42 U.S.C. § 1983.  Plaintiff alleges that the Resolution deprived him of his riparian rights, private easements, accreted property and privileges secured by the United States Constitution.  Specifically, plaintiff asserts that Lee County had no home rule powers or jurisdiction over the undedicated Cayo Costa Subdivision, and therefore the Resolution was unenforceable and in violation of the United States Constitution. (Doc. #288, ¶13.)  Plaintiff asserts that defendants confiscated more than 2.5 acres of his accreted property without compensation in violation of the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment (Id. at ¶14.)  Plaintiff asserts that defendants also illegally took more than 200 acres of private accretions onto Cayo Costa pursuant to the Resolution, all without compensation.  (Id. at ¶15.)  Further, plaintiff asserts that "Defendant State Actors" claimed riparian rights to Lots 38A and 41A which they denied to plaintiff, thereby unlawfully discriminating against plaintiff because he is entitled to equal rights as the State property owner.  (Id. at ¶¶ 16, 27.)

-3-

Count 2 alleges an unconstitutional temporary taking under color of the Resolution. Plaintiff asserts that the Resolution was never signed, executed or acknowledged and did not meet resolution and recording requirements, and was therefore not entitled to be recorded and must be stricken from the public record. (Id. at ¶17.) Plaintiff further alleges that the Cayo Costa Subdivision was outside of Lee County's home rule powers, and therefore the State and County had no powers to adopt resolutions or ordinances, and therefore the Resolution is unenforceable and ineffectual and the County capriciously grabbed private accreted land and easements. (Id. at ¶18.) Plaintiff asserts that defendants took his accretions onto the riparian gulf front Lot 15A without authority, justification, due process of law, public notice, hearing, vote count, or compensation, and that this unauthorized unconstitutional taking injured plaintiff and destroyed his property value. (Id. at ¶19.)

Count 3 sets forth a state law claim for trespass. Plaintiff alleges that since the 1969 Resolution the defendants have asserted that Lee County is the owner of the Cayo Costa accretions and have induced and caused the public to intrude onto the private beaches and other areas on Cayo Costa, injuring plaintiff's property. (Id. at ¶¶ 20-21.) Plaintiff asserts that the State cannot exercise power within the Subdivision east of the mean high water mark of the Gulf of Mexico and west of the mean high water mark of Charlotte Harbor. (Id. at ¶22.)

-4-

Count 4 alleges a conspiracy to fabricate, fraud and malfeasance. Plaintiff asserts that the Lee County Property Appraiser claimed that the Resolution entitled Lee County to ownership of the accreted property, but the County Appraiser has admitted that Lee County was not empowered to adopt the Resolution. (Id. at ¶23.) Plaintiff asserts that the Resolution on its face did not meet recording or resolution requirements, and that the County Appraiser had a professional duty to verify the validity of the sham Resolution under the Uniform Standards of Professional Appraisal Practice. (Id.) Plaintiff alleges that without evidence of title, defendants conspired to concoct an un-plated lot, block and park for the benefit of the State and County. (Id. at ¶24.) Plaintiff also asserts that defendant denied agricultural classification to his accreted lot. (Id.) Plaintiff asserts that defendants destroyed most of his property value, deprived him of private easements without compensation, and denied equal protection in a land grab scheme. (Id.) Plaintiff describes the agreement as being to assist the unconstitutional confiscation of the accretions. (Id. at ¶25.) Plaintiff also asserts that the County Appraiser made incompetent valuation reports which were controverted by other comparable sales data and done in violation of Federal Appraisal Standards, but defendant continued to slander plaintiff's perfect title. (Id. at ¶26.) As a result, plaintiff received purchase offers far below market value and the County Appraiser has committed malfeasance and abuse of position. (Id.)

Count 5 alleges a conspiracy to materially misrepresent and defraud. Plaintiff asserts that Lee County does not hold title to the accreted property pursuant to the Resolution, and there has been no proceedings such as eminent domain or adverse possession. (Id. at ¶29.) Plaintiff asserts that Lee County's claims of ownership of the accretions therefore violated the Fifth Amendment Takings Clause, and therefore defendants deprived the public of tax revenues which could have been received from the private accretions and easements. (Id.) Plaintiff asserts that defendants conspired to misrepresent the extent of the Army Corps of Engineers' authority over his lagoon. (Id. at ¶32.)

Count 6 alleges oppression and slander of title by defendant Peterson for failing to challenge the invalidity of the Resolution despite his questions about its validity. (Id. at ¶¶ 33-35.)

The Third Amended Complaint asserts the Court has jurisdiction based on the Civil Rights Act (42 U.S.C. § 1983), 28 U.S.C. § 1343, Articles 3 and 4 of the United States Constitution, and Amendments 4 and 5 of the United States Constitution (Doc. #288, ¶7), the 1899 Rivers and Harbors Appropriation Act (33 U.S.C. § 403)(id. at ¶8), the 1862 Homestead Act (id. at ¶9), the federal common law Doctrine of Accretion and Erosion (id. at ¶10), the Federal Appraisal Standards, Uniform Standards of Professional Appraisal Practice (12 U.S.C. §§ 3331-3351), and the Federal Declaratory Judgment Act (28 U.S.C. § 2201)(id. at ¶12).

**III.**

The Court will first address the federal claims, since these claims are necessary to provide subject matter jurisdiction.  Given plaintiff's *pro se* status, the Court reviews the Third Amended Complaint liberally.

**A.    Takings Clause Claims:**

A consistent theme which runs through several of plaintiff's counts is that the Resolution constitutes an unconstitutional taking of his property rights in his subdivision Lot 15A on Cayo Costa island.[1]  The legal principles are well-settled, and preclude plaintiff's takings claim.

Plaintiff alleges a violation of the Takings Clause of the Fifth Amendment, which states in pertinent part "nor shall private property be taken for public use, without just compensation."  U.S. CONST. amend. V.   The Fifth Amendment is applied to the States through the Fourteenth Amendment.  Penn Cent. Transp. Co. v. New York City, 438 U.S. 104, 121-23 (1978).   The Third Amended Complaint may also be read to allege a conspiracy to violate the Takings Clause.

State law defines the parameters of a plaintiff's property interest, and whether state law has created a property interest is a legal question for the court to decide.  Morley's Auto Body, Inc.

---

[1]See Lee County v. Morales, 557 So. 2d 652 (Fla. 2d DCA 1990) for a description of Cayo Costa island and the Lee County zoning history of the island since 1978.

v. Hunter, 70 F.3d 1209, 1212 (11th Cir. 1996).  Under Florida law
a riparian or littoral owner owns to the line of the ordinary high
water mark on navigable waters, and the riparian or littoral
property rights include the vested right to receive accretions to
the property.  Board of Trustees of the Internal Improvement Trust
Fund v. Sand Key Assocs., Ltd., 512 So. 2d 934, 936-37 (Fla. 1987);
Brannon v. Boldt, 958 So. 2d 367, 373 (Fla. 2d DCA 2007).  These
rights constitute property, and cannot be taken or destroyed by the
government without just compensation to the owners.  Sand Key
Assoc., 512 So. 2d at 936; Lee County v. Kiesel, 705 So. 2d 1013,
1015 (Fla. 2d DCA 1998).  "By now it is beyond question that a
permanent physical occupation of private property by the state
constitutes a taking for which a landowner must be compensated."
New Port Largo, Inc. v. Monroe County, 95 F.3d 1084, 1088 (11th
Cir. 1996)(citing Lucas v. South Carolina Coastal Council, 505 U.S.
1003, 1015 (1992) and Loretto v. Teleprompter Manhattan CATV Corp.,
458 U.S. 419, 434 (1982)).

     Thus while plaintiff has adequately alleged a taking of his
property, "a property owner has not suffered a violation of the
Just Compensation Clause until the owner has unsuccessfully
attempted to obtain just compensation through the procedures
provided by the State for obtaining such compensation . . . ."
Williamson County Regional Planning Comm'n v. Hamilton Bank, 473
U.S. 172, 195 (1972).  "Williamson County boils down to the rule
that state courts always have a first shot at adjudicating a

-8-

takings dispute because a federal constitutional claim is not ripe until the state has denied the would-be plaintiff's compensation for a putative taking, including by unfavorable judgment in a state court proceeding." <u>Agripost, LLC v. Miami-Dade County, Fla.</u>, ___ F.3d _____, 2008 WL 1790434 (11th Cir. 2008). Without having pursued such available state court remedies, a plaintiff's Takings Clause claim is not ripe and therefore a federal district court lacks jurisdiction to consider it. <u>Williamson County</u>, 473 U.S. at 195; <u>Watson Constr. Co. v. City of Gainsville</u>, 244 Fed. Appx. 274, 277 (11th Cir. 2007); <u>Garbo, Inc. v. City of Key West, Fla.</u>, 162 Fed. Appx. 905 (11th Cir. 2006). It has been clear since at least 1990 that Florida law provides a remedy of an inverse or reverse condemnation suit. <u>Joint Ventures, Inc. v. Department of Transp.</u>, 563 So. 2d 622, 624 (Fla. 1990); <u>Tari v. Collier County</u>, 56 F.3d 1533, 1537 n.12 (11th Cir. 1995); <u>Reahard v. Lee County</u>, 30 F.3d 1412, 1417 (11th Cir. 1994). Additionally, plaintiff could have pursued an state action for declaratory judgment under FLA. STAT. § 86.011, a suit to quiet title, <u>Trustees of Internal Imp. Fund of State of Florida v. Toffel</u>, 145 So. 2d 737 (Fla. 2d DCA 1962), or a suit in ejectment if the matter is viewed as a boundary dispute. <u>Petryni v. Denton</u>, 807 So. 2d 697, 699 (Fla. 2d DCA 2002).

The Third Amended Complaint does not allege that plaintiff pursued any state relief. Indeed, plaintiff has never suggested that he has taken any action in state court to quiet title or receive damages under an inverse or reverse condemnation claim.

Since there is no showing of federal jurisdiction as to the Takings Clause claim, the Taking Clause claims and any conspiracy to violate the Takings Clause in any count will be dismissed without prejudice.

**B.    Substantive Due Process Claim:**

A liberal reading of the Third Amended Complaint might suggest that plaintiff also frames the alleged taking of his property rights as a substantive due process claim under the Fourteenth Amendment.  The Eleventh Circuit has held, however, that there is no independent substantive due process taking cause of action. Villas of Lake Jackson, Ltd. v. Leon County, 121 F.3d 610, 612-14 (11th Cir. 1997).  Additionally, substantive due process protects only fundamental rights, that is, those rights which are implicit in the concept of ordered liberty.  Such rights are created by the Constitution, and do not include property rights.  Greenbriar Village, LLC v. Mountain Brook City, 345 F.3d 1258, 1262 (11th Cir. 2003).  Merely asserting that the government's actions were arbitrary and irrational does not bring the matter within the protection of the substantive due process provision.  Greenbriar Village, 345 F.3d at 1263-64.  Therefore, those portions of counts in the Third Amended Complaint which attempt to assert a substantive due process takings claim or conspiracy will be dismissed.

C.   **Procedural Due Process Claim:**

Plaintiff's counts may also attempt to state a procedural due process claim.  For example, plaintiff asserts that Lee County had no home rule powers or jurisdiction over the undedicated Cayo Costa subdivision (Doc. #288, ¶¶ 13, 18, 23), that the Resolution was never signed, executed or acknowledged and did not meet resolution and recording requirements (id. at ¶¶ 17, 23), and that the taking was without authority, justification, due process, public notice, hearing, vote count, or compensation (id. at ¶19).

"Procedural due process requires notice and an opportunity to be heard before any government deprivation of a property interest." Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). Not all government actions, however, are subject to a procedural due process claim.  The County's action in passing the Resolution constituted a legislative act, and therefore plaintiff cannot state a procedural due process claim.   75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1294 (11th Cir. 2003).  Plaintiff asserted that the Resolution effecting the taking of more than 200 acres other than his 2.5 acres.  This is sufficient to constitute a legislative act.  See, e.g., Bi-Metallic Inv. Co. v. State Bd. of Equalization, 239 U.S. 441, 445 (1915)(noting that it is impractical to give every one a voice when a legislative act applies to more than a few people).  Additionally, even if not a legislative act, a procedural due process claims does not exist

merely because state mandated procedures were not followed.  <u>First Assembly of God of Naples, Florida, Inc. v. Collier County, Fla.</u>, 20 F.3d 419, 422 (11th Cir. 1994).  In this regard, some of the allegations in the Third Amended Complaint are contradicted by the Resolution which is attached to it.  The copy of the Resolution attached to the Third Amended Complaint establishes that it was signed, executed, and duly recorded in the public records, and plaintiff will not be allowed to assert otherwise.  The remaining claimed defects are arguments concerning state law which do not arise to a constitutional level.  Finally, plaintiff fails to state a procedural due process claim because he has failed to allege that Florida law provided him with an inadequate post-deprivation remedy, <u>Tinney v. Shores</u>, 77 F.3d 378, 382 (11th Cir. 1996), and as discussed above it is clear that Florida does provide adequate post-deprivation remedies.  Therefore, any claim founded on procedural due process will be dismissed.

## D.   **Equal Protection Claim:**

Plaintiff also alleges that the Resolution violated his equal protection rights.  "To properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." <u>Boyd v. Peet</u>, 249 Fed. Appx. 155, 158 (11th Cir. 2007)(citation omitted).  <u>See also Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536, 1552 (11th Cir. 1991).  The Third Amended Complaint does not identify any similarly situated person with whom plaintiff can be compared.  The

-12-

Third Amended Complaint states that defendants have taken over 200 acres pursuant to the Resolution, far in excess of his 2.5 acres. The only assertion of disparate treatment is for those lots owned by government, which plaintiff alleges did not have their rights taken.  However, a private owner such as plaintiff can not be compared to a public owner such as a government unit.  Therefore, no equal protection claim is stated, and such claims will be dismissed without prejudice.

**E.   Other Bases of Federal Jurisdiction:**

Having found no federal claim set forth in the Third Amended Complaint, the Court now examines the other purported bases of federal jurisdiction.

Article III of the Constitution sets the outer boundaries of the federal court jurisdiction, but vests Congress with the discretion to determine whether and to what extent that power may be exercised by lower federal courts.  Therefore, lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction.  <u>Morrison v. Allstate Indemnity Co.</u>, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  Therefore Article III does not provide any additional basis of federal jurisdiction.  Additionally, plaintiff's reliance on Article IV of the Constitution is misplaced because Article IV does not address the jurisdiction of a federal court.

Plaintiff cites 28 U.S.C. § 1343 as a basis for federal jurisdiction.  Section 1343 sets forth the jurisdiction of district

courts for certain civil rights actions, but does not itself create a private right of action. Albra v. City of Fort Lauderdale, 232 Fed. Appx. 885, 892 (11th Cir. 2007). Since none of plaintiff's federal civil rights claims are properly before the court, § 1343 is not a basis for jurisdiction over the remaining state law claims.

Plaintiff's reliance on the 1899 Rivers and Harbors Appropriation Act, 33 U.S.C. § 403 is misplaced. Section 403 relates to the creation of an obstruction not authorized by Congress, and simply not relevant to any of the claims in this case. The 1862 Homestead Act, 43 U.S.C. §§ 161-64, cannot form basis for jurisdiction because it was repealed in 1976. Assuming there is a federal common law Doctrine of Accretion and Erosion, it cannot provide a jurisdictional basis in federal court. The Federal Appraisal Standards, Uniform Standards of Professional Appraisal Practice, 12 U.S.C. § 3331-3351, also do not create federal jurisdiction. These standards relate to real estate appraisals utilized in connection with federally related transactions, 12 U.S.C. § 1331, and no such transaction was involved in this case. Additionally, in Florida the county property appraiser is a constitutionally created office whose appraisals are carried out pursuant to state statute, FLA. STAT. § 193.011 as well as professional appraisal standards established by the International Association of Assessing Officers and the

Appraisal Institute.  Parrish v. Nikolits, 86 F.3d 1088, 1091 n.2
(11th Cir. 1996).

Therefore, the Court finds no other basis of federal
jurisdiction has been plead in the Third Amended Complaint.

**F.   Remaining State Law Claims:**

The remaining possible claims in the Third Amended Complaint
are all state law claims.  Read liberally, the Third Amended
Complaint may be read to allege a claim to invalidate the
Resolution for alleged state-law procedural defects, a state law
claim of trespass, a state law claim of conspiracy to misrepresent,
a state law claim of fraud, state law claims of malfeasance, a
state law claim of oppression, and a state law claim of slander of
title.  Even assuming these are properly pled, pursuant to 28
U.S.C. § 1367(c)(3) the Court would exercise its discretion and
decline to exercise supplemental jurisdiction over the state
claims.  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th
Cir. 2004)(encouraging district courts to dismiss state claims
where all claims which provided original jurisdiction have been
dismissed.)  The dismissal of the state claims will be without
prejudice.  Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999).

Having found that this Court lacks subject matter
jurisdiction, and will not retain supplemental jurisdiction, the
Court need not address the issues raised in the remaining
defendants' motions to dismiss.

Accordingly, it is now

**ORDERED:**

1.    Defendant   Property   Appraiser's   Motion   to   Dismiss Plaintiff's Third Amended Complaint (Doc. #303) is **GRANTED** to the extent set forth in paragraph 5 below.

2.    Defendant Property Appraiser's Motion to Dismiss and Close File (Doc. #285) is **DENIED as moot.**

3.    State of Florida Department of Environmental Protection and Division of Recreation and Parks, State of Florida, and Board of Trustees of the Internal Improvement Trust Fund's Joint Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Cause of Action (Doc. #291) is **GRANTED** to the extent set forth in paragraph 5 below.

4.    Defendants Lee County, Florida, Board of Lee County Commissioners, Lee County Attorney, Jack N. Peterson's Motion to Dismiss (Doc. #304) is **GRANTED** to the extent set forth in paragraph 5 below.

5.    The   Third   Amended   Complaint   is   **dismissed**   without prejudice as to all defendants and all claims.  The Clerk shall enter judgment accordingly, terminate all pending motions as moot, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies: Parties of record

-16-